IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LYNNE VICKERY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| CURO HEALTH SERVICES, LLC, ) | **JURY DEMANDED** |
| d/b/a GENTIVA HEALTH ) | |
| SERVICES (USA), ) | |
| ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff Lynne Vickery ("Plaintiff" or "Vickery"), by and through her undersigned counsel of record, and files this Complaint against Defendant, Curo Health Services, LLC, d/b/a Gentiva Health Services (USA) ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

## INTRODUCTION

1. This suit is authorized and brought to secure protection of and to redress the deprivation of rights secured by the False Claims Act, codified at 31 U.S.C. § 3729 et seq. ("FCA"), when Plaintiff reported what she believed to be Defendant's fraudulent admissions to hospice care and Defendant terminated Plaintiff's employment in retaliation, in violation of 31 U.S.C. § 3730(h).

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a).

3. The unlawful employment practices described herein were committed in Montgomery County, Alabama, and, accordingly, venue lies in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §1391(b) and 31 U.S.C. § 3732(a).

## PARTIES

4. Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, and a resident of the State of Alabama, who was employed by Defendant as a Registered Nurse ("RN") Executive Director.

5. Defendant is a foreign corporation functioning within the State of Alabama, located in Montgomery County, Alabama, and was at all times relevant Plaintiff's employer.

## FACTS

6. In 2001, Plaintiff was hired by Defendant in the home health division.

7. Plaintiff received multiple promotions before ultimately assuming the role of Executive Director in the hospice division.

8. While working as an Executive Director for Defendant, Plaintiff oversaw the evaluation of patients for admission to hospice care.

9. Patients must meet certain federally mandated criteria to be qualified for admission to hospice care.

10. Hospice care admissions are determined by Medicare based on criteria set for each diagnosis.

11. Beginning in 2023, Plaintiff regularly faced pressure to ignore these federally mandated admission criteria and admit patients who did not qualify.

12. Defendant would require Plaintiff and other employees to do multiple evaluations on patients that did not qualify for admission.

13. Doctors would agree that patients should not be admitted to hospice care, but Defendant still required Plaintiff and other employees to repeat the evaluations until a patient was admitted.

14. Despite the fact that Plaintiff's role included overseeing the evaluation and recommendation of patients for admission, she was not permitted to schedule patient admissions for the majority of her employment.

15. Until December 2024, Defendant's sales department was responsible for scheduling patient admissions, despite their lack of knowledge about employee schedules and availability.

16. Defendant's sales department scheduled hospice admissions because they got extra incentives for each patient that was admitted.

17. Defendant's pressure to admit unqualified patients increased toward the end of Plaintiff's employment.

18. Despite mounting pressure from Defendant, Plaintiff refused to participate in its fraudulent scheme and declined to admit patients who were ineligible for hospice care.

19. In March 2024, Plaintiff's superior labeled her as "difficult" when she again refused to unlawfully admit a patient who did not meet the admission criteria.

20. On December 12, 2024, Plaintiff unexpectedly received a "final written warning" for infractions that were largely caused by staffing issues that were outside of her control.

21. Prior to receiving this "final" warning, Plaintiff had never received any warning or counseling.

22. In January 2025, Plaintiff was called to a meeting with Defendant's area directors.

23. After the meeting, Plaintiff was asked to stay to discuss a non-admitted patient.

24. During this discussion, Plaintiff voiced her opposition to Defendant's pressure to fraudulently admit patients to hospice care.

25. While voicing her opposition, Plaintiff told Defendant's area directors that other nurses had approached her about the pressure to admit non-qualifying patients, and that the nurses believed their license would be in jeopardy if they admitted patients in violation of federal law.

26. In response, Defendant's area directors became agitated and told Plaintiff that her discussion with other employees regarding the fraudulent admissions was "concerning."

27. At the beginning of February 2025, Plaintiff received multiple performance awards and an incentive bonus in recognition of her exemplary job performance.

28. A couple of weeks later, on February 14, 2025, Plaintiff received a call from Area Vice President of Business Development, Melissa McKenna ("McKenna"), regarding a physician being upset about the non-admission of a patient.

29. On this phone call, Plaintiff again expressed her concerns about fraudulent admissions.

30. Plaintiff told McKenna that she was concerned about what she believed to be Defendant's fraudulent admission practices.

31. Additionally, Plaintiff told McKenna that a nurse had mentioned calling Medicare regarding Defendant's unlawful admission practices.

32. Only four (4) days later, on February 18, 2025, Defendant terminated Plaintiff's employment in retaliation for her repeatedly opposing what she believed to be fraudulent and unlawful conduct by Defendant.

## COUNT I
## RETALIATION IN VIOLATION OF
## THE FALSE CLAIMS ACT

33. Plaintiff resisted Defendant's pressure to admit patients who did not meet admission criteria to hospice care for over a year of her employment with Defendant.

34. Plaintiff voiced opposition to what she believed to be fraudulent hospice admissions multiple times, most recently on February 14, 2025.

35. Plaintiff warned Defendant that other employees may report the fraudulent admissions.

36. As a result of Plaintiff's complaints, Defendant took several adverse employment actions against Plaintiff.

37. Defendant labeled Plaintiff as a "difficult" employee within the workplace.

38. Defendant issued a "final written warning," without any prior warning being issued, threatening Plaintiff with disciplinary measures over factors that she could not control.

39. As a result of Plaintiff's opposition to Defendant's unlawful practices, Defendant terminated Plaintiff's employment on February 18, 2025, only four (4) days after making her last complaint.

40. Plaintiff has been significantly damaged both financially and emotionally due to Defendant's unlawful actions.

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

- A. Reinstatement with the same seniority status Plaintiff would have had but for the discrimination, or front pay if the Court finds reinstatement to be impracticable;

- B. Two (2) times the amount of back pay for lost income;

- C. Special damages, including but not limited to compensatory damages, exemplary damages, reputation harm, and other economic loss;

- D. A reasonable attorneys' fee;

- E. Plaintiff's costs and expenses;

- F. Interest on all monies owed; and

- G. Any other relief the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED** this 30th day of October 2025.

s/*Anthony D. Michel*
Anthony D. Michel (ASB-6809-064M)
Hannah C. Dillashaw (ASB-2048-K17W)
*Attorneys for Plaintiff*

**MICHEL ALLEN & SINOR**
1900 International Park Dr, Suite 140
Birmingham, AL 35243
Telephone: (205) 980-5700
Facsimile: (205) 994-2819
anthony@mas-firm.com
hannah@mas-firm.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

Respectfully submitted,

s/*Anthony D. Michel*
Attorney for Plaintiff

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Curo Health Servcies, LLC
3350 Riverwood Parkway, Suite 1400
Atlanta, GA 30339